# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **MANETIRONY CLERVRAIN,** | * |
| Plaintiff, | * |
| vs. | * CIVIL ACTION NO. 20-00603-JB-B |
| **KIRSTEN NIELSEN***,* | * |
| Defendant. | * |

## **REPORT AND RECOMMENDATION**

Plaintiff Manetirony Clervrain, an inmate who is housed at the Moore Detention Center in Okmulgee, Oklahoma, and who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, together with an application to proceed without prepaying fees or costs.[1] (Docs. 1, 2). Upon review of the complaint and Clervrain's prior litigation history, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g), because Clervrain is barred from proceeding *in forma pauperis* and did not pay the filing fee when he filed this action.[2]

---

[1] This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).

[2] Plaintiff styled his pleading "Motion for Consideration and Compelling Imposition Financial Burden by Invoking the Ant(s) Movement Act ("TAMA"). (Doc. 1). The Clerk docketed the pleading as a complaint filed pursuant to 42 U.S.C. § 1983. Although largely incoherent, as best the Court can discern, this pleading

# I. **Section 1915(g) and Clervrain's Litigation History**.

Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

The purpose of this section is to curtail abusive prisoner litigation by requiring a prisoner who has had three actions or appeals dismissed as meritless to pay the full filing fee when he files his next action. Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). "The only exception to section 1915(g) is if the frequent filer prisoner is under imminent danger of serious physical injury." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998)(internal quotation marks omitted), *abrogated on other*

---

names Kirsten Nielsen as a defendant and appears to allege that Clervrain is in ICE custody; that he is being denied access to a law library; and that he is not being allowed to litigate his cases. (Id. at 1-3). Clervrain seeks an order for the Marshal's Service to terminate his removal procedure and cease interfering with his right to litigate his claims. (Id. at 7). As discussed herein, because Clervrain is a three-striker and has not alleged facts suggesting that he is under imminent danger of serious physical injury, his complaint is due to be dismissed.

*grounds by* Jones v. Bock, 549 U.S. 199, 215-16 (2007).

Because Clervrain sought leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(e)(2)(B), the Court is required to screen his complaint. (Doc. 1). At the outset, the Court notes that Clervrain's complaint appears to have no connection whatsoever with the Southern District of Alabama. Furthermore, in screening the complaint under 28 U.S.C. § 1915(e)(2)(B), the undersigned reviewed the records of other federal courts to determine if Clervrain has had three or more actions or appeals that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

In recent cases filed by Clervrain in the Northern District of Alabama, the Northern District of Florida, and the United States District Court for the District of Minnesota, those courts have found that Clervrain has filed many actions in multiple jurisdictions and has, on three or more prior occasions while incarcerated, had his cases dismissed as frivolous. See, e.g., Clervrain v. Way, 2020 U.S. Dist. LEXIS 119387, *3 (N.D. Ala. June 5, 2020), *report and recommendation adopted*, 2020 WL 3790691, *1 (N.D. Ala. July 7, 2020)("[Clervrain] has had at least three cases dismissed as frivolous and alleges no facts suggesting he is under imminent danger of serious physical injury."); Clervrain v. Scott, 2019 U.S. Dist. LEXIS 107982, *3, 2019 WL 2620733, *2 (N.D. Fla.

Apr. 16, 2019), *report and recommendation adopted*, 2019 WL 2619533 (N.D. Fla. June 25, 2019)(confirming that Clervrain had filed "nearly 40 cases in federal courts spanning from California to Florida, Pennsylvania to Texas" and had at least five strikes, making it "unnecessary to further detail Plaintiff's litigation history.")(citing cases); Clervrain v. Dayton, 2021 U.S. Dist. LEXIS 12231, *1, 2021 WL 222934, *2 (D. Minn. Jan. 22, 2021)("On more than three prior occasions, cases filed by Clervrain have been dismissed as frivolous or for failure to state a claim on which relief can be granted.")(citing cases).

Based on the foregoing, Clervrain clearly has been adjudicated to have had at least three prior cases dismissed as frivolous while he has been incarcerated. Therefore, this Court finds that the present action is due to be dismissed unless Clervrain can satisfy the exception to § 1915(g).[3]

## II. **Section 1915(g)'s Exception**.

Section 1915(g)'s "imminent danger" exception requires that at the time of the complaint's filing, Clervrain show that he was "under imminent danger of serious physical injury," not at a prior time. Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999);

---

[3] The Court is taking judicial notice of the U.S. Party/Case Index, PACER Service Center. Grandinetti v. Clinton, 2007 WL 1624817, at *1 (M.D. Ala. 2007) (unpublished).

4

see also Adbul-Akabar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the 'three strikes' rule to prevent impending harms, not those harms that had already occurred."), cert. denied, 533 U.S. 953 (2001). The exception is "an escape hatch for genuine emergencies," where "time is pressing" and "a threat or prison condition. . . is real and proximate" and "the potential consequence is 'serious physical injury.'" Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). To determine if § 1915(g)'s exception is met, the "complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). To make this showing, a plaintiff must allege and provide "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury[.]" Ball v. Allen, 2007 WL 484547, *1 (S.D. Ala. 2007) (unpublished). Clervrain has not done this.

To the contrary, [g]eneral allegations that are not grounded in specific facts which indicate that serious physical injury is imminent are not sufficient to invoke the exception to § 1915(g)." Coleman v. Dep't of Corrs., 2008 WL 2474635, *2 (N.D. Fla. 2008) (unpublished); see also Daker v. Bryson, 784 Fed. Appx. 690, 693 (11th Cir. 2019)(finding plaintiff's claim of "being forced to use

5

unsanitized clippers could expose him to diseases [is] a claim that is simply too speculative to establish that he is under imminent danger of serious physical injury"); Martin v. Shelton, 319 F.3d 1048, 1050-51 (8th Cir. 2003)(finding "conclusory assertions that defendants were trying to kill Martin by forcing him to work in extreme conditions despite his blood pressure condition [is a] type of general assertion [that] is insufficient to invoke the exception to § 1915(g)"); Ball, 2007 WL 484547 at *3 (finding alleged inadequate, unsanitary, and contaminated food and beverages, among other things, did not satisfy the imminent danger exception). But see Mitchell v. Nobles, 873 F.3d 869, 874-75 (11th Cir. 2017) (finding the "total lack of hepatitis treatment and the resulting onset of cirrhosis" met § 1915(g)'s imminent-danger exception); Brown, 387 F.3d at 1350 (finding the complete withdrawal of HIV and hepatitis medication accompanied by worsening complications from the withdrawal alleged an imminent danger of serious physical injury).

Clervrain's present, largely incoherent, complaint fails to demonstrate that he was "under imminent danger of serious physical injury" when the complaint was filed on December 14, 2020. See 28 U.S.C. § 1915(g). Indeed, his allegations, which are at best confusing, vague, and non-specific, do not convey that an injury to him is imminent or has been ongoing. Accordingly, the

6

undersigned finds that the present complaint fails to meet § 1915(g)'s exception.

III. **Conclusion**.

Because Clervrain cannot avail himself of § 1915(g)'s exception, and on account of his failure to pay the $400 filing/administrative fee at the time he filed this action, this action is due to be dismissed without prejudice. Dupree, 284 F.3d at 1236; Vanderberg v. Donaldson, 259 F.3d 1321, 1324 (11th Cir.), *cert. denied,* 535 U.S. 976 (2002). Therefore, it is recommended that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).[4]

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

---

[4] In light of the Court's finding that Plaintiff's complaint is due to be dismissed, Plaintiff's remaining pending motions are deemed moot. (Docs. 2, 3, 4).

7

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE and ORDERED** this **4th** day of **January, 2021**.

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**
